Filed 4/3/25  P. v. Edgington CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEPHEN L. EDGINGTON,<br><br>    Defendant and Appellant. | F088536<br><br>(Super. Ct. No. F21909068)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Charles J. Lee, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Stephen Edgington was convicted by plea of felony drunk-driving causing injury and hit-and-run causing injury.  (Veh. Code,[1] §§ 23153, subd. (a) & 20001, subd. (a).)

---

[*] Before Smith, Acting P. J., Snauffer, J. and De Santos, J.

[1] All statutory references are to the Vehicle Code.

He was admitted to formal probation on the condition he, inter alia, serve 180 days in county jail.

Edgington filed a notice of appeal challenging the sentence and requesting court-appointed counsel. Counsel was appointed to represent him on appeal, and counsel filed a *Wende* brief.[2] Edgington was afforded the opportunity to raise any issue on his own, but has not done so. We have reviewed the record and find no error. We will affirm the judgment.

## BACKGROUND

The Fresno County District Attorney charged Edgington with committing five crimes: (1) felony drunk driving (§ 23153, subd. (b); (2) an alternative to 1 (§ 23153, subd. (a); (3) hit-and-run causing injury (§ 20001, subd. (a); (4) driving on a suspended license (§ 14601.5, subd. (a); and (5) failure to maintain proof of insurance (§ 16028, subd. (a)). The charges alleged Edgington suffered a prior conviction for drunk driving.[3]

The charges ultimately resolved by plea agreement, with Edgington pleading no contest to counts 1 and 3—the remaining charges were dismissed. There was a stipulated factual basis for the plea based on *People v. West* (1970) 3 Cal.3d 995. He was pertinently admitted to formal probation on the condition he serve 180 days in jail.

## APPELLATE COURT REVIEW

Edgington's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende, supra,* 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Edgington was advised he could file his

---

[2] See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

[3] Edgington was on probation for the prior conviction during the proceedings in this case. A separate "misdemeanor violation of probation case" was filed. It resolved along with the current case.

own brief with this court. By letter on February 6, 2025, we invited Edgington to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Edgington.

## **DISPOSITION**

The judgment is affirmed.